IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DEBRA A. WILLIAMS                                                                                  PLAINTIFF

V.                                              NO. 11-3115

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                              DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Debra A. Williams, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on July 28, 2009, alleging an inability to work since May 16, 1999, due to "Chronic-cervical-stenosis-spine-neck. Pain-migraines-numbness-reversal of normal curvature of the cervical spine-migraines." (Tr. 9, 114-

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

-1-

115, 116-119, 139, 148).  An administrative hearing was held on August 16, 2010, at which Plaintiff appeared with counsel and testified.  (Tr. 21-49).

By written decision dated October 13, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - cervical stenosis and degenerative disc disease.  (Tr. 11).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 11).  The ALJ found Plaintiff had the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).  (Tr. 12).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be unable to perform any past relevant work.  (Tr. 15).  However, the ALJ stated that if Plaintiff had solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provided a framework for decisionmaking (SSR 85-15).  (Tr. 16).  Based upon a RFC for the full range of light work, considering Plaintiff's age, education, and work experience, the ALJ concluded that a finding of "not disabled" was directed by Medical-Vocational Rule 202.20.  (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 23, 2011.  (Tr. 1-3).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties.  (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 8, 12).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

**A.   DIB Benefits**:

With respect to DIB benefits, the relevant time period is May 16, 1999, the alleged onset date, to December 31, 2004, the Plaintiff's last date of insured status.

In his Physical RFC Assessment, completed on September 28, 2009, Dr. Jim Takach assessed Plaintiff's condition currently as well as on the date last insured, and indicated that currently, Plaintiff could perform light work, but had certain postural and manipulative limitations, in that Plaintiff could occasionally climb ramp/stairs, ladder/rope/scaffolds; balance, stoop, kneel, crouch, and crawl; and that Plaintiff was limited in reaching all directions (including overhead) and could occasionally reach overhead. (Tr. 290-291). Dr. Takach found the medical records to be insufficient to assess the impairment severity or function on the date last insured - December 2004. (Tr. 295).

On August 25, 2010, a Physical RFC Questionnaire was completed by Dr. James Hawk, Plaintiff's treating physician, wherein he referenced certain psychological conditions from which Plaintiff suffered, as well as setting forth several severe limitations from which he believed Plaintiff suffered. On the form, Dr. Hawk indicated that his responses to a majority of the questions related also to Plaintiff's condition prior to December 31, 2004. (Tr. 346).

Prior to December of 2004, although Plaintiff was assessed with neck pain by NCAMA, it was noted that Plaintiff's cervical spine had good range of motion and that her gait and posture were normal, although it was noted that she suffered from some pain. No further treatment records appear until December 29, 2005, which related to an upper respiratory infection. It was not until July 17, 2008, that a medical record relates to Plaintiff's neck pain. Although Plaintiff testified that she suffered from pain in her neck and migraines prior to December of 2004, the medical records do not reflect such. In addition, since Dr. Hawk did not begin treating Plaintiff until July 7, 2009, the Court agrees with the ALJ that Plaintiff's activities of daily living prior to December of 2004 do not support the level of restrictions noted by Dr. Hawk. Furthermore, there were no specific objective findings supporting Dr. Hawk's restrictions. Thus, the ALJ was justified in giving Dr. Hawk's opinion no weight as it related to Plaintiff's condition prior to December of 2004. The Court acknowledges that Plaintiff may have suffered from some pain prior to December 31, 2004, but believes there is substantial evidence to support the ALJ's conclusion that the opinions of the state non-examining physicians were consistent with the evidence, and that Plaintiff failed to meet her burden of proving her disability prior to December 31, 2004.

Accordingly, the Court is of the opinion that there is substantial evidence to support the

AO72A
(Rev. 8/82)

ALJ's finding of non-disability with respect to DIB benefits.

**B.     SSI Benefits:**

With respect to Plaintiff's application for SSI benefits, the record reflects that on December 2, 2009, when Plaintiff saw Dr. Thomas Briggs, to whom she was referred by Dr. Hawk, Plaintiff began complaining of depression. (Tr. 301). On December 3, 2009, Dr. Hawk's impression was: Spinal stenosis; cervicalgia, insomnia, and melancholia. (Tr. 312). On March 23, 2010, Dr. Hawk again noted melancholia in his impression. (Tr. 310). On June 9, 2010, Dr. Hawk gave the impression of: "adj. D/O" and indicated Plaintiff's celexa should be increased. (Tr. 310). On March 29, 2010, Dr. Hawk changed Plaintiff's medication to Citalopram for an antidepressant. (Tr. 190). In his Physical RFC Questionnaire dated August 25, 2010, Dr. Hawk noted the following psychological conditions that affected Plaintiff's physical condition: depression; psychological factors affecting physical condition; and anxiety. (Tr. 346). The Court notes that it has concluded that the ALJ was warranted in giving no weight to Dr. Hawk's opinion regarding Plaintiff's abilities prior to December 31, 2004. However, Dr. Hawk treated Plaintiff throughout 2009 and 2010, and the Court cannot say there is substantial evidence to support the "no weight" given to Dr. Hawk's opinion as it relates to both Plaintiff's physical and mental conditions in 2009 and 2010.

In addition, although the ALJ gave the State Agency opinions great weight, he failed to include any postural or manipulative limitations that were set forth by Dr. Takach in his Physical RFC assessment completed in 2009.

The Court finds that there is not substantial evidence to support the ALJ's findings as they relate to Plaintiff's request for SSI, and therefore believes this matter should be remanded

AO72A
(Rev. 8/82)

for further consideration, and if needed, further development of the record regarding Plaintiff's disability from the date Plaintiff protectively filed her SSI application, July 28, 2009, through the date of the ALJ's decision, October 13, 2010.

### IV.     Conclusion:

Accordingly, it is hereby ordered that the decision of the Commissioner is **affirmed with respect to Plaintiff's application for DIB benefits**, and **reversed and remanded with respect to Plaintiff's application for SSI benefits.**

IT IS SO ORDERED this 20th day of February, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE